**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AISHA SEALS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| THE UNIVERSITY OF | ) |
| CHICAGO MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

The Plaintiff AISHA SEALS (hereinafter referred to as "SEALS") and for her complaint against the Defendant THE UNIVERSITY OF CHICAGO MEDICAL CENTER (hereinafter referred to as "UCMC"), states:

**COUNT I –
Title VII of the Civil Rights Act of 1964,
as Amended by the Civil Rights Act of 1991**

1. This action is brought for damages sustained by SEALS by reason of UCMC's violation of her civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. At all times relevant hereto, SEALS was and is a citizen of the United States, is a resident of the Northern District of Illinois and is African-American.

3. At all times relevant hereto, UCMC was a corporation organized and existing under the State of Illinois with its principal place of business located at 5841 S. Maryland Avenue, Chicago, Illinois 60637.

4. At all times relevant hereto, UCMC was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1343 and 1331.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this District.

7. On June 10, 2010, SEALS was hired by UCMC to the position of Registered Nurse in the Intensive Care Unit.

8. Up to January 6, 2021, SEALS received favorable performance reviews and accolades from her superiors at UCMC.

9. At all times relevant hereto, it was the policy of USMC not to discriminate against an employee because of his or her race.

10. At all times relevant hereto, UCMC knew that SEALS was African American.

11. Nevertheless, commencing on or about January 6, 2021, SEALS was discriminated against because of her race.

12. Specifically, in 2021, while SEALS was working at UCMC, charge nurses would make discriminatory comments about African American patients and indicate how African American families were over dramatic when their family members were gravely ill or passed away at the hospital.

13. Moreover, these charge nurses tried to limit the number of African American family members to come up to the floor where SEALS worked because they indicated that African Americans were disruptive when they were in the work area.

14. On June 6, 2021, SEALS arrived at work and noticed that David, a Caucasian charge nurse, assigned two patients to SEALS.

15. One patient was on continuous dialysis and blood pressure medication and the other patient was on a ventilator and blood pressure medication.

16. Pursuant to the UCMC's rules and regulations, a patient who is on a dialysis machine should be assigned a one-to-one relationship with a registered nurse.

17. SEALS then informed David that because the one patient who was on dialysis was to be one a one-to-one relationship, SEALS should not be paired with another patient.

18. David told her, however, that her manager, Brittany Cassidy (Caucasian), said it was acceptable and she should proceed to attend to both patients.

19. SEALS then spoke to the night charge nurse, Katie Broderick (Caucasian), and asked her if another nurse could be brought in in light of UCMC's policy of treating patients on dialysis on a one-to-one relationship.

20. Katie responded to SEALS that she would speak to Brittany and get back to her.

21. Katie then informed SEALS about two hours later that there was not another nurse available and there was another nurse in her unit that would switch patient assignments with SEALS.

22. SEALS told Katie that merely assigning an unsafe assignment to someone else would not resolve the problem.

23. SEALS then asked Katie if she could take her other patient so SEALS could work on the dialysis patient.

24. Katie refused and said that it was better for the other patient that SEALS was handling to suffer than the 23 other patients that were in the unit at the time.

25. SEALS subsequently saw Brittany in the break room at approximately 3:30 a.m.

26. SEALS asked Brittany why she instructed David to assign her two patients when she knew that one of the patients was on dialysis and, pursuant to the UCMC's policy, SEALS was supposed to be on a one-to-one relationship with a dialysis patient.

27. Brittany denied telling him that comment and said that the UCMC's policy did not require SEALS to work alone with a patient on continuous dialysis.

28. She further indicated that SEALS was spoiled at the UCMC and that no other hospital that she worked at ever imposed a one-on-one relationship with a person on continuous dialysis.

29. She then falsely stated to SEALS that she had told her for over a year that patients with continuous dialysis would be paired.

30. Brittany then refused to talk to SEALS any further about this subject and indicated that once Tom Houchins (Caucasian), their manager, arrived, they would further discuss this subject.

31. Mr. Houchins was not even in Chicago that day.

32. When Mr. Houchins returned from being out of town, he called SEALS on the phone and told her that she was suspended until further notice.

4

33. Mr. Houchins did not give SEALS a reason for her suspension.

34. SEALS was further advised via email on June 11, 2021 that SEALS was suspended for "inappropriate behavior exhibited toward staff and management."

35. Other Caucasian nurses who registered complaints to their supervisors were never charged with claims similar to the claims raised against SEALS.

36. On June 21, 2021, an investigative hearing was held.

37. Present at the hearing were Helen Bernard, representative from National Nurses United Union, Cindy Loudin (via telephone), Mr. Houchins, 9N/9S Manager at UCMC, Patrick Williamson, 9N/9S Assistant Manager at UCMC, and SEALS.

38. On June 29, 2021, SEALS received a letter from Mr. Houchins indicating that she was terminated from the UCMC for engaging in uncivil, disrespectful and unprofessional behavior toward her colleagues.

39. The articulated reason given by UCMC for SEALS' termination was merely a pretext for UCMC's discrimination against her on the basis of her race.

40. Since SEALS did not engage in any misconduct that would warrant her termination, UCMC has, therefore, discriminated against her because of her race in violation of her rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

41. On September 15, 2021, SEALS filed her charge of discrimination with the Equal Employment Opportunity Commission.

42. Pursuant to her request, on July 12, 2022, the Equal Employment Opportunity Commission issued SEALS a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

43. Less than ninety days have expired since SEALS' receipt of this notice of right to sue.

44. UCMC's violation of SEALS's civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused SEALS pecuniary damages.

WHEREFORE, the Plaintiff AISHA SEALS requests that this Court enter judgment in her favor and against THE UNIVERSITY OF CHICAGO MEDICAL CENTER as follows:

a. Enjoining UCMC from engaging in such unlawful employment practices as alleged in this complaint;

b. Requiring UCMC to reinstate SEALS to her position at UCMC at the rate of pay comparable to what she would have been receiving if not for the civil rights' violations committed against her by UCMC;

c. Making SEALS whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by UCMC;

d. Alternatively, in the event UCMC is unwilling to reinstate SEALS, SEALS should be awarded front pay;

e. Awarding SEALS attorney's fees, costs and pre-judgment interest;

   f.  Awarding SEALS compensatory and punitive damages in an amount to be determined at trial; and

   g.  Awarding SEALS such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT II –
## 42 U.S.C. § 1981

1. This action is brought for damages sustained by SEALS by reason of UCMC's violation of her civil rights under 42 U.S.C. § 1981.

2. At all times relevant hereto, SEALS was and is a citizen of the United States, is a resident of the Northern District of Illinois and is African-American.

3. At all times relevant hereto, UCMC was a corporation organized and existing under the State of Illinois with its principal place of business located at 5841 S. Maryland Avenue, Chicago, Illinois 60637.

4. This Court has jurisdiction pursuant to 28 USC §1343 and §1331.

5. Venue is appropriate in this Court pursuant to 28 USC §1391 since the complained of conduct occurred in this District.

6-38. SEALS repeats, realleges and incorporates paragraphs 7 through 39 of Count I as paragraphs 6 through 38 of Count II.

39. By virtue of being employed by UCMC, SEALS was subject to the Collective Bargaining Agreement that existed between National Nurses United and UCMC.

40. Moreover, Caucasian charge nurses at UCMC were subject to the same Collective Bargaining Agreement as SEALS.

41. The decision to terminate SEALS was in direct violation of 42 U.S.C. § 1981 since Caucasian nurses were never charged with claims similar to the claims raised against SEALS.

42. Rather, the reason that UCMC terminated SEALS was due to her race since she did not engage in any violation of any policy or practice of UCMC that would warrant her termination.

43. UCMC, has, therefore, discriminated against SEALS because of her race in violation of her rights under 42 U.S.C. § 1981.

44. UCMC's violation of SEALS' rights under 42 U.S.C. § 1981 has caused her pecuniary damages.

WHEREFORE the Plaintiff AISHA SEALS requests that this Court enter judgment in her favor and against the Defendant THE UNIVERSITY OF CHICAGO MEDICAL CENTER as follows:

  a. Requiring UCMC to reinstate SEALS to her position at the rate of pay comparable to what she would have been receiving if not for the civil rights violations committed against her by UCMC;

  b. Making SEALS whole as to all salary, benefits and seniority status that would have accrued but for the civil rights violations committed by UCMC;

    c.    Awarding SEALS compensatory damages in an amount to be determined at trial;

    d.    Awarding SEALS attorney's fees, costs and prejudgment interest; and

    e.    Awarding SEALS such other and further relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

                                      Respectfully submitted,

                                      /s/ Joel F. Handler
                                      JOEL F. HANDLER (#1115812)
                                      One E. Wacker Drive, Suite 510
                                      Chicago, Illinois 60601
                                      (312) 832-0008
                                      jhandler@handlerlawgroup.com
                                      Attorney for the Plaintiff,
                                      AISHA SEALS